In the Matter of HOME TITLE INSURANCE COMPANY.

DEL RITZ HOLDING COMPANY, INC., Appellant; FREDERICK L. CRANFORD, as Trustee, et al., Respondents.

Argued November 12, 1940; decided December 31, 1940.

*Charles Waters* for appellant.

*Daniel A. Lynch* and *John A. King* for respondent.

LEHMAN, Ch. J.   The appellant Del Ritz Holding Company, Inc., is the owner of the equity in a six-story apartment house in the borough of Brooklyn, upon which there is due and unpaid the principal sum of $308,500.   Home Title Insurance Company, as holder of the mortgage, issued and guaranteed certificates of participation in this mortgage.   That company is now in liquidation and the mortgage is held by a trustee appointed pursuant to a plan of reorganization of the mortgage security promulgated by the holders of the certificates of participation and, thereafter, in amended form, approved by the court pursuant to the provisions of chapter 745 of the Laws of 1933 as thereafter amended, popularly known as the Shackno Act.

The plan as originally promulgated provided that "An extension agreement shall be entered into with the owner

of the premises in form satisfactory to the trustee, which agreement shall, *among other things*, provide as follows: * * *." The only matters thereafter specifically provided for in the proposed plan were (1) the term for which the mortgage should be extended, (2) the amount of amortization payments that were to be made by the owner during the extended term, and (3) reduction of the interest from six per cent to five per cent. The tentative plan contemplated that other provisions might be inserted in the extension agreement to be entered into with the owner of the premises and it made the trustee the arbiter of the form of such an agreement.

The plan was, however, amended before it was approved by the court and the amended plan provided that " After the entry of a final order herein, approving the plan as herein modified and subsequent to the transfer of the trust estate to the trustee, appointed by the court, an extension and modification agreement shall be entered into with the owner *upon the terms and conditions hereinafter set forth.*" Under that provision " the terms and conditions hereinafter set forth " were to constitute the terms and conditions of the " extension and modification " agreement and there is no suggestion, as there was in the original tentative plan, that such extension and modification agreement should contain other terms and conditions in addition to those specifically set forth in the plan. The trustee has offered to the owner an extension and modification agreement containing many terms and conditions not provided for by the plan approved. The owner of the property is at present not liable upon the bond. Under the proposed modification and extension agreement the owner must assume the obligation of the bond and must in other respects provide, for the benefit of the holders of the certificates, more adequate protection than is provided in the original bond. Upon the owner's refusal to sign the proposed agreement and to pay certain costs and expenses demanded by the trustee, the trustee moved in the Supreme Court for an order " eliminating the extension and modification provisions of the

plan of reorganization" approved by the order of that court dated the 3d day of November, 1937, and the final order of the court dated the 19th day of January, 1938. The owner of the property made a counter motion to compel the trustee to enter into an extension and modification agreement in accordance with the terms of the plan of reorganization and without any additional terms substantially increasing the owner's obligation to the certificate holders.

The justice at Special Term held that substantially all the terms and conditions of the extension agreement proposed by the trustee, including the provision that the owner should assume the obligation of the bond, were reasonable and an order was entered which provided that " the extension and modification provisions " of the interlocutory and final orders theretofore entered should be vacated unless within ten days " the owner of the mortgaged premises closes such extension " and pays expenses which the court found proper charges against him. The Appellate Division has unanimously affirmed that order.

We assume upon this appeal that the trustee is not seeking to compel the owner of the mortgaged premises to accept any terms or conditions which a savings bank or other prudent investor might not reasonably demand as a condition for any extension or modification of the mortgage. The question, however, is not primarily whether such terms and conditions are reasonable but whether the trustee has power to exact even reasonable terms and conditions not provided in the plan of reorganization. The trustee holds the bond and mortgage and other property and under the terms of the order may deal with it " as in his discretion he shall deem for the best interest of said certificate holders, *subject to the limitations imposed by this plan as finally approved,* and by the declaration of trust to be executed by the trustee upon acceptance of the trust estate." The plan provides, as we have said, that the modification and extension agreement shall be made " upon the terms and conditions hereinafter set forth," and the trustee is free to

deal with the bond and mortgage as he shall deem for the best interest of the certificate holders only in so far as the plan as finally approved does not place upon the trustee the duty to deal with the bond and mortgage as therein provided. The court by approval of the plan has decided what the terms and conditions shall be. The trustee may make no other contract than that which by approval of the plan the court has determined will serve the best interest of the certificate holders.

The orders should be reversed without costs, and the matter remitted to the Special Term to proceed in accordance with this opinion.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.